**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Robert D. THOMAS, Respondent.**

**No. 2000–SC–0154–KB.**

Supreme Court of Kentucky.

June 15, 2000.

**OPINION AND ORDER**

On September 28, 1999, the Inquiry Tribunal charged the Respondent, Robert Dale Thomas, whose last known address is the Green River Correctional Complex, Central City, Kentucky, with four counts of engaging in unethical behavior and unprofessional conduct. Respondent has been the subject of four previous disciplinary proceedings, the most recent resulting in his permanent disbarment on September 23, 1999, following his conviction for attempted murder and first-degree manslaughter. After a review of the case, the Board of Governors of the Kentucky Bar Association recommended that Respondent be permanently disbarred. Respondent failed to request, pursuant to SCR 3.370(8), that this Court review the Board's recommendation. Thus, pursuant to SCR 3.370(10), the recommendation of the Board of Governors is adopted by this Court. Independent of and to the extent that this Court's Order of September 13, 1999, regarding 99–SC–0654–KB does not so provide, Respondent is hereby permanently disbarred from the practice of law in the Commonwealth of Kentucky.

In or about 1991 or 1992, Nancy Middleton of Pineville, Kentucky, retained Respondent to represent her in a dispute regarding real property she claimed she had inherited. Over the next several years, Respondent lied to her about having filed suit on her behalf, and misled her to believe that her case was pending. Upon retaining other counsel in or about 1998 or 1999, she ascertained the scope of Respondent's misconduct, and subsequently filed a bar complaint with the Kentucky Bar Association.

On or about June 15, 1999, the KBA received Middleton's bar complaint, a copy of which the Muhlenburg County Sheriff served upon the Respondent at his Green River Correctional Complex address on or about July 1, 1999, and to which Respondent failed to respond. A letter warning Respondent of his failure to respond to the bar complaint was sent by the KBA on July 22, 1999, which was not returned as undelivered and to which no reply was received thereafter.

On or about September 28, 1999, the Inquiry Commission filed a Charge in the Supreme Court of Kentucky against the Respondent consisting of four counts: (1) a violation of SCR 3.130–1.3 by failing to act with reasonable diligence and promptness in representing his client; (2) a violation of SCR 3.130–1.4(a) by failing to keep his client adequately informed about the status of her claims; (3) a violation of SCR 3.130–8.3(c) by lying to and misleading his client over a period of several years; and (4) a violation of SCR 3.130–8.1(b) by failing to respond to warning letters from the KBA. A sealed copy of the charges were delivered to the Respondent at his Green River Correctional Complex address by a Muhlenburg County Deputy Sheriff on or about October 1, 1999, to which Respondent failed to file an answer or other response. Thus, the Inquiry Commission entered an Order of Submission on October 30, 1999, submitting the matter as a default case to the Board of Governors pursuant to SCR 3.210(1). Thereafter, on November 19, 1999, the Board found Respondent guilty of all four counts, and recommended permanent disbarment.

Upon the foregoing facts and charges, it is ordered that the Board of Governors' recommendation of permanent disbarment be adopted. It is further ordered that:

1. This Order be construed as complementary with and in no way modifying this Court's Order of September 23, 1999, 999 S.W.2d 712, regarding 99–SC–0654–KB.

2. Respondent, Robert Dale Thomas, is hereby permanently disbarred from the practice of law in Kentucky, the period of disbarment having commenced on September 23, 1999, with the entry of this Court's Order regarding 99–SC–0654–KB.

3. In accordance with SCR 3.450, Respondent, Robert Dale Thomas, is directed to pay all costs associated with these disciplinary proceedings for which execution may issue from this Court upon finality of this Opinion and Order.

4. Pursuant to SCR 3.390, Respondent shall, within ten (10) days from the entry of this Opinion and Order, notify in writing all courts in which he has matters pending and all clients of his inability to represent them, and furnish copies of said letters of notice to the Director of the Kentucky Bar Association.

All concur.

Entered: June 15, 2000.

/s/ Joseph E. Lambert
Chief Justice